UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON
CASE NO.: _____

**JEREMY CALDER**  PLAINTIFF

**V.**

**MADISON COUNTY FISCAL COURT**

and

**DOUG THOMAS**, in his individual and
official capacity as Jailer
Of the Madison County Detention Center;

**TOM JONES**, in his individual and
official capacity as Deputy Jailer;

**GREG EVANS**, in his individual and
official capacity as Deputy Jailer;

**TYLER WINKLER**, in his individual and
official capacity as Deputy Jailer;

**JEFF ROBERTS**, in his individual and
official capacity as Deputy Jailer;  **DEFENDANTS**

**COMPLAINT**

Comes now the Plaintiff, Jeremy Calder, by and through his counsel, and for his Complaint, states as follows:

**JURISDICTION**

**PARTIES**

1) Plaintiff Jeremy Calder is a citizen of the United States residing in Richmond, Madison County, Kentucky.

2) Defendant Madison County Fiscal Court is a political subdivision of the Commonwealth of Kentucky. duly organized as a County possessing the corporate powers to sue and be sued. The principle office of the Madison County Fiscal Court is 101 West Main Street, Richmond, Madison County, Kentucky 40475.

3) Madison County Fiscal Court is vested with the government and management of the Madison County Detention Center and with the supervision and protection of the prisoners and detainees within the jail.

4) Defendant Doug Thomas is an individual who at all times relevant to this action was the duly elected Jailer of the Madison County Detention Center

5) Defendant Thomas is sued in his individual and official capacity as Jailer of the Madison County Detention Center.

6) Defendant Captain Tom Jones is sued in his individual and official capacity as Deputy Jailer of the Madison County Detention Center.

7) Defendant Greg Evans is sued in his individual and official capacity as Deputy Jailer of the Madison County Detention Center.

8) Defendant Tyler Winkler is sued in his individual and official capacity as Deputy Jailer of the Madison County Detention Center.

9) Defendant Jeff Roberts is sued in his individual and official capacity as Deputy Jailer of the Madison County Detention Center.

## FACTS

10) On June 13, 2017 the Plaintiff was arrested by the Richmond City Police Department for a DUI.

11) The Plaintiff was taken to the Madison County Detention Center when he was booked into detention.

12) The Plaintiff was placed in Cell 27 of the Madison County Detention Center with ten (10) other inmates.

13) Cell 27 was known to be a ccll housing pre-trial detainee together with dangerous felons.

14) At all times relevant Cell 27 was overcrowded.

15) Defendants were aware of fights occurring in cells including, but not limited to cell 27 and took no steps to prevent the fights

16) As a direct result of the custom, policy, and practice of overcrowding cells, housing pretrial detainees with convicted felons, keeping prisoners confined to their cells for 24 hours a day and failing to provide them with an adequate diet, failing providing dining and recreational facilities, arguments and fights among the prisoners were frequent, resulting in injury to prisoners and detainees in the Madison County Detention Center including but not limited to prisoners and detainees housed in cell 27.

17) Defendants were aware of the occurrence of such incidents and took no adequate steps to alleviate the conditions which caused them.

18) On June 17, 2017 the Plaintiff was placed in cell 27 with inmate Clayton Carmack at the Madison County Detention Center.

19) From June 19 until July 4, 2017 the Plaintiff was harassed, assaulted, and suffered extortion while housed in cell 27.

20) July 4, 2017 the Plaintiff was assaulted by inmates Clayton Carmack and Chris Chasteen which resulted in two fractures of his back, broken nose, and right orbital socket fracture.

21) It is the the belief of the Plaintiff that his assault should have been or was witnessed by the MCDC staff through video surveillance of cell 27, but no action was taken to stop the assault.

22) Shortly after the Plaintiff's attack the Plaintiff was taken to Baptist Health Hospital in Richmond, Madison County, Kentucky.

23) After being examined at Baptist Health the Plaintiff was transported to the University of Kentucky Hospital in Lexington, Kentucky.

24) The Plaintiff was released from University of Kentucky and returned to the Madison County Detention Center.

25) The Plaintiff was lodged in a isolation cell where he was placed on a mat on a concrete floor.

26) The Plaintiff lay on the mat for three (3) days without assistance from Madison County Detention Center staff to assist him to use the facilities.

27) The Defendant was denied adequate medical care for his cracked vertebrae while in isolation.

28) As a result of the injuries from the assault and failure to provide medical care the Plaintiff's bond was lowered and he was released.

29) As a result of the injury the Plaintiff has suffered permanent injury, physical pain, and embarrassment and humiliation which demands compensation.

## COUNT I

### VIOLATION OF THE PLAINTIFF'S CIVIL RIGHTS

30) The Plaintiff incorporates paragraphs 1 – 29 by reference.

31) Acting under color of State law, Defendant Madison County Detention Center, Fiscal Court, Jailer Doug Thomas, Deputy Jailer Tom Jones, Deputy Jailer Greg Evans, Deputy Jailer Tyler Winkler, and Deputy Jailer Jeff Roberts, were deliberately indifferent and grossly negligent of their responsibilities to the Plaintiff while he was in the care, control, and custody of the Madison County Detention Center.

32) This deliberate indifference and gross negligent resulted in the violation of the civil rights of the Plaintiff guaranteed by the 5th Amendment and 14th Amendment to the United States Constitution in which the Plaintiff was deprived his right to be protected and adequate medical care without due process rendering the Defendant's liable under 42 U.S.C. §1983 and 42 U.S.C. § 1985.

33) The Defendants failed to separate the violent inmates from other prisoners when the defendants knew or should have known of the inmates violent propensities and that such failure would result in acts and threats of violence directed toward the Plaintiff.

34) The Defendants failed to adequately services the actions of the correctional officers at the Madison County Detention Center and failed to provide adequate supervision and security at the institution such that the Plaintiff suffered acts and threats of violence perpetrated by Clayton Carmack and Chris Chasteen from whom the Plaintiff was not reasonably protected.

35) The Defendants, knowing that the overcrowding of cells, lack of recreation time, inadequate diet, placing of pretrial detainees in cells with convicted felons known to be dangerous posed a clear and present danger to the safety of detainees such as the Plaintiff, and having the power to correct these conditions, willfully, deliberately, maliciously, and with gross negligence and reckless disregard, permitted the assault on the Plaintiff Jeremy

5

Calder, to occur. In doing the acts and omissions complained of, including but not limited to permitting the assault on the Plaintiff the Defendants were co-conspirators engaged in a scheme and conspiracy designed and intended to deny and deprive Plaintiff of his liberty interest protected under the 5th and 14th Amendments to the Constitution. Defendants, in committing such acts are liable to Plaintiff under 42 U.S.C. §§1983, 1985.

36) Defendants knowing that the overcrowding of cells, inadequate diet, lack of recreation time for inmates was in violation of the above-mentioned consent decree, knowing that the placing of pretrial detainees in cells with convicted felons known to be dangerous posed a clear and present danger to the safety of such detainees as the Plaintiff, and the defendants having the power to correct these conditions, willfully, deliberately, maliciously and with gross negligence and reckless disregard failed to do son, rendering Defendants liable to Plaintiff under and pursuant to 42 U.S.C §§ 1983, 1985. The failure on the part of all defendants to take any action to prevent such conduct constituted a practice, policy, and custom which deprived the Plaintiff of his constitutional rights.

37) The deplorable conditions which existed at Madison County Detention Center at all times relevant to this action, which were due to the acts and omissions of the defendants, violated the Plaintiff's constitutional right to due process and equal protection of the laws, guaranteed by the 5th and 14th Amendments, rendering defendants liable to Plaintiff under and pursuant to 42 U.S.C. §§ 1983, 1985.

38) Defendants being so situated that any one of them could have acted to prevent the injury suffered by the Plaintiff as set forth above, did individually and jointly, deliberately, maliciously and willfully fail to do so, rendering defendants liable to Plaintiff under 42 U.S.C. §§ 1983, 1985.

39) By reason of the above unlawful, malicious and deliberate acts, actions conspiracies and course of conduct of, by and among Defendants, Plaintiff has incurred damages which demands compensation, including compensation for physical injuries, unlawful deprivation of liberty, violation of Plaintiff's civil rights, pain and suffering, medical and hospital expenses, loss of earnings and the loss of enjoyment of life.

WHEREFORE, the Plaintiff prays:

1. The Court assume jurisdiction over his Complaint

2. The Court find that the defendant's conduct in failing to protect the Plaintiff from harm violated the Plaintiff's civil rights.

3. The Court find that the Plaintiff is entitled to collect compensatory damages and damages for embarrassment and humiliation due to the Defendant's reckless and indifferent conduct.

4. That a jury is summonsed to address all issues raised by the Plaintiff's Complaint.

5. The Court award the Plaintiff reasonable attorney fees and costs of this action pursuant to 42 U.S.C. §1988

6. The Court award the Plaintiff any and all legal or equitable relief that he may be entitled.

Respectfully Submitted,

*/s/ Edward E. Dove*
Edward E. Dove
300 Lexington Building
201 West Short Street
Lexington, Kentucky 40507
(859) 252-0020
(859) 258-9288
eddove@windstream.net

and

Albert B. McQueen
Wilson & McQueen
309 North Broadway
Lexington, KY 40508
Phone: (859)253-2373
abmcqueen@wmkylaw.com

ATTORNEYS FOR PLAINTIFF